## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

**HYACINTH BEST**

> **Plaintiff,**

**v.**

**SPRECHMAN & ASSOCIATES, P.A., a Florida corporation**

> **Defendant.**

### COMPLAINT

COMES NOW, the Plaintiff, HYACINTH BEST, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, SPRECHMAN & ASSOCIATES, P.A., hereinafter "Defendant", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter the "FDCPA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), and §15 U.S.C. §1692k(d).

### VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Broward County, Florida and the Defendant is a Florida corporation whose transacts

business in Broward County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

3.   Plaintiff, Hyacinth Best is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

4.   Defendant, Sprechman & Associates, P.A., is a Florida corporation, and has its principal place of business in Miami-Dade County, Florida where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

## BACKGROUND

5.   The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

6.   Plaintiff is alleged to have incurred a financial obligation to G&I VI South Florida Portfolio SPE LLC.   Such financial obligation is a "debt" as defined by 15 U.S.C. §1691a(5), hereinafter referred to as "the Debt".

7.   On June 13, 2010, Plaintiff filed a petition for bankruptcy relief under Title 11, United States Code.   Plaintiff's petition was assigned case number 10-26593-RBR and was filed in the Southern District of Florida.

8.   Plaintiff properly listed the Defendant as a creditor on Schedule F of the voluntary petition.

9.   The Defendant was on actual notice of the Plaintiff's bankruptcy petition.

10.  On September 21, 2010, Plaintiff received a discharge of the Debt belonging to the

Defendant, a copy of which was noticed upon the Defendant.

11.    Furthermore, in December 2011, Defendant began conducting post-judgment discovery on the Debt and counsel for the Plaintiff furnished the Defendant a Suggestion of Bankruptcy, once again, informing the Defendant that the debt was discharged.

<u>COUNT I</u>
<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. §1692 et seq.</u>

12.    Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 11, herein.

13.    Defendant, in April 2012, caused to have a writ of garnishment executed against the Plaintiff.  Executing a writ of garnishment against a debt that was discharged in bankruptcy and is therefore not legally owed,  gives rise to a claim under the FDCPA. *Bagwell v. Portfolio Recovery Assocs., LLC,* 2009 U.S. Dist. LEXIS 49369 (E.D. Ark. June 5, 2009)

14.    Defendant violated the Fair Debt Collection Practices Act by using a deceptive means in violation of 15 U.S.C. §1692e, by engaging in conduct the nautural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C. §1692d, and by enggaging in an unfair and deceptive practice in violation of 15 U.S.C. §1692f.

15.    The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

16.    As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C.

§1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## JURY TRIAL DEMAND

17.     Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  May 14, 2012

MILITZOK & LEVY, P.A.
Attorneys for Plaintiffs
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com

By: /s/ Matthew J. Militzok
MATTHEW J. MILITZOK, ESQ.
Fla. Bar No.: 0153842